UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61951-CIV-SINGHAL/STRAUSS

MARIE F. ETIENNE,

    Plaintiff,

v.

WAL-MART STORES EAST, LP, and
MORGAN REINARD,

    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR REMAND

**THIS CAUSE** is before the Court upon Plaintiff Marie F. Etienne's ("Plaintiff") Motion for Remand. (DE [9]). The motion is fully briefed and ripe for review. For the reasons discussed below, the motion is denied.

### I.  BACKGROUND

This case arises from a personal injury allegedly sustained by Plaintiff inside of a store owned by Defendant Wal-Mart Stores East, LP ("Wal-Mart").  Plaintiff alleges that, during a trip to the store on July 14, 2023, she slipped on a transitory foreign substance. ("Compl.") (DE [1-7] at ¶ 16).  On September 9, 2024, Plaintiff filed a two-count complaint alleging negligence against Wal-Mart and its store manager, Morgan Reinard ("Reinard" and collectively, with Wal-Mart, "Defendants"), in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.  *See id.*  On October 18, 2024, Wal-Mart removed the action on the basis diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Federal Rule of Civil Procedure 81(c).

Wal-Mart alleges the amount in controversy exceeds $75,000, that Plaintiff and Wal-Mart are diverse, and that Plaintiff fraudulently joined Reinard in the action for the sole purpose of defeating diversity jurisdiction. *See* (Defendants' Notice of Removal (DE [1] at ¶ 25-38)). Plaintiff filed a Motion to Remand in which she denies the court has subject matter jurisdiction over the Complaint. She argues that the amount in controversy, as pled, does not meet the jurisdictional threshold and denies fraudulent joinder. She asks this Court to remand the case to state court.

II.  **LEGAL STANDARDS**

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction of cases only when a controversy involves either a question of federal law or "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. §§ 1331–1332(a)(1). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

When a case is removed based on diversity jurisdiction, as this case was, the case must be remanded to state court if there is not complete diversity between the parties, or one of the defendants is a citizen of the state in which the suit is filed. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (citations omitted). "However, '[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity

jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court.'" *Id.* (quoting *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)). In such a case, the addition of the non-diverse defendant is considered a "fraudulent joinder."

### III.    DISCUSSION

Plaintiff's Motion for Remand (DE [9]) raises two questions: (1) whether Wal-Mart has shown that the amount in controversy exceeds the jurisdictional threshold for diversity jurisdiction; and, if yes, (2) whether Defendant Reinard could be liable under Florida law for Plaintiff's injuries based upon Plaintiff's Complaint and thus, was not fraudulently joined.

As an initial matter, Defendants argue the Motion to Remand is untimely because it was filed 31 days after removal. The 30-day time limit for filing a motion to remand is inapplicable, however, because Plaintiff's motion is based on lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("motion to remand the case on the basis of any defect other than lack of jurisdiction must be made within 30 days after the filing of the notice of removal").

#### A.    Amount in Controversy

"On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). The party invoking federal jurisdiction must establish that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). If left unchallenged, a removing defendant, "as specified in § 1446(a)[,] . . . need include only a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). But, once challenged, "a conclusory allegation that the amount in controversy requirement is satisfied [is] insufficient to sustain jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000). "[W]here jurisdiction is based on a claim for indeterminate damages, the . . . party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003); *see also Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 88.

The parties disagree about whether the amount-in-controversy requirement in satisfied. Because Plaintiff's Complaint simply alleges the state court jurisdictional amount of damages greater than $50,000, the Court must look to Defendant's evidence to see if the jurisdictional amount is satisfied.

In its Notice of Removal, Wal-Mart attaches Plaintiff's medical bills to date that total approximately $65,512.44. (DE [1-1] ¶ 9). Wal-Mart also relies on Plaintiff's pre-suit demand letter (DE [1-5]) wherein she stated that she will require future surgery at a cost of $35,000, and 10 years of post-operative physical therapy at a cost of $3,000 per year. These amounts are sufficient to establish the jurisdictional amount.

Wal-Mart is entitled to rely on "other paper" supporting removal under 28 U.S.C § 1446(b). Pre-suit demands are generally reliable for determining the amount in controversy. In *AAA Abachman Enterprises, Inc. v. Stanley Steemer International, Inc.*, 268 Fed. Appx. 864 (11th Cir. 2008), before filing a declaratory judgment suit, the plaintiff's counsel sent a letter to the defendant threatening legal action and stating that

the plaintiff would "suffer hundreds of thousands of dollars in damages and potentially millions of dollars of damages…." *Id.* at 865.  The court denied the plaintiff's motion to remand, finding that the defendant established the amount in controversy. *Id.* at 866.  On appeal, the Eleventh Circuit affirmed the district court's consideration of the pre-suit demand letter and noted that the plaintiff submitted no evidence with its motion to remand to support valuing the case at $75,000 or less. *Id.*

This Court aligns itself with *AAA Abachman*'s holding—and other courts' rulings within this district—that the amount of damages asserted in a pre-suit demand letter may be considered in determining whether the amount in controversy is satisfied.  *See, e.g.*, *Bonner v. Axis Ins. Co.*, 2018 WL 6620508, at *3 (S.D. Fla. Oct. 18, 2018), *report and recommendation adopted*, 2018 WL 6620302 (S.D. Fla. Nov. 27, 2018) (collecting cases); *Castellanos v. Target Corp.*, 2011 WL 384292, at *2-3 (S.D. Fla. Feb. 3, 2011); *Sinton v. Creative Hairdressers, Inc.*, 2010 WL 11602240, at *3-4 (S.D. Fla. Mar. 26, 2010) (collecting cases); *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, at *6 (S.D. Fla. June 1, 2009).  A defendant may rely on a pre-suit demand letter to support removal when "(1) the document reflects an 'honest assessment of damages,' and (2) Plaintiff does not contest the 'veracity of the information' contained in the document despite having an opportunity to do so." *Perez-Malo v. First Liberty Ins. Corp.*, 2017 WL 7731958, at *3 (S.D. Fla. June 8, 2017) (quoting *Katz*, 2009 WL 1532129 at *5–6).

Here, Plaintiff's pre-suit demand letter, which existed at the time of removal, satisfies both *Perez-Malo* prongs.  The Court finds that Plaintiff's assessment of $125,000 in past and future medical bills appears to be an honest assessment of costs for past treatment and for future treatment.  *See* (DE [1-5], at 3). Regarding the second prong,

5

Plaintiff has not adduced any of her own evidence disputing the jurisdictional amount, despite having the opportunity to do so. Instead, she simply argues in her reply that although she admits her "current damages' exceed the jurisdictional threshold, the amount of determinable damages at the time of removal were merely her past medical bills, or $65,000. This is not a sufficient rebuttal of the information put forth by Wal-Mart. *See AAA Abachman Enterprises, Inc.*, 268 Fed. Appx. at 866; *Perez-Malo*, 2017 WL 7731958, at *3. The jurisdictional threshold is clearly met and was so at the time of removal.

B.  Fraudulent Joinder

The Eleventh Circuit has held that "[t]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (emphasis in original) (quoting *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998)). The procedure used to resolve a claim of fraudulent joinder "is similar to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure] 56(b)." *Id.* at 1322-23 (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)) (additional citations omitted). All questions of fact must be resolved in favor of the plaintiff. *Id.* at 1323 (quoting *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)). However, when the defendant has submitted affidavits that are undisputed by the plaintiff, the court cannot resolve facts in the plaintiff's favor based solely on the unsupported allegations in the plaintiff's complaint. *See Legg*, 428 F.3d at 1323.

To establish fraudulent joinder, "the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell*, 663 F.3d at 1332 (quoting *Crowe*, 113 F.3d at 1538)). "To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe*, 113 F.3d at 1538. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Stillwell*, 663 F.3d at 1333 (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir.1983), (superseded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir.1993), *certified question answered* 647 So. 2d 812 (Fla. 1994)).

Plaintiff alleges that, as store manager, Reinard owed a duty to maintain the store in a reasonably safe condition and to inspect the premises to identify and correct any potentially hazardous conditions. *See* (Compl. (DE [1-7] at ¶¶ 24). The Complaint also alleges a laundry list of duties that Reinard allegedly owed Plaintiff including the duty to sufficiently train employees in the proper methods of inspecting for dangers and defects and to ensure that employees complied with the store's safety policies and procedures. *Id.*

To prevail on her negligence claim against Reinard, Plaintiff must prove four elements: "(1) the existence of a duty recognized by law requiring the defendant to

7

conform to a certain standard of conduct for the protection of others including the plaintiff; (2) a failure on the part of the defendant to perform that duty; and (3) an injury or damage to the plaintiff [(4)] proximately caused by such failure." *Kenz v. Miami-Dade Cty.*, 116 So. 3d 461, 464 (Fla. 3d DCA 2013). In Florida, "the law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005). Employees like Reinard, however, are not "liable for the torts of the company simply because of the person's position with the company." *Vesta Const. and Design, L.L.C. v. Lotspeich & Assoc., Inc.*, 974. So. 2d 1176, 1180 (Fla. 5th DCA 2008). Rather, "to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault." *See White*, 918 So.2d at 357. A duty therefore arises only if Reinard is "actively negligent." *Id.* at 358; *See also White v. Wal-Mart Stores East, LP,* 2020 WL 5946452, at *1 (M.D. Fla. Oct. 7, 2020) (employee can be liable for negligence committed within the scope of employment, but the negligence must be active).

On the record presented, this Court finds that Plaintiff cannot demonstrate that Reinard breached a duty owed to Plaintiff. To the extent the Complaint alleges Reinart failed to implement or administer policies and procedures or to train employees, these are not viable negligence claims in a slip and fall case. The revised statute, Fla. Stat. § 768.0755, does not permit proof of liability under a negligent mode of operation theory. *Publix Supermarkets Inc. v. Blanco,* 373 So. 3d 1178, 1182 (Fla. 3rd DCA 2023), *review*

*denied,* 2023 WL 4198990 (Fla. June 26, 2023). For liability to exist, there must be proof of actual or constructive knowledge of the dangerous condition. Fla. Stat. § 768.0755.

In his Declaration (DE [1-6]), Reinard states that she was not at work on the day and time of Plaintiff's incident. Plaintiff does not rebut Reinard's Declaration and instead relies on the unsupported allegations in her Complaint. In so doing, Plaintiff has left undisputed that Reinard had no personal involvement in the accident.

In line with other cases from this Court, Plaintiff cannot establish that Defendant Reinard breached a duty owed to Plaintiff. In *Petigny v. Wal-Mart Stores East, L.P.*, this Court found that a plaintiff fraudulently joined two store managers, including an *in abstentia* claim and another negligence claim of a manager who was on premises, but not in the vicinity of, the alleged incident. 2018 WL 5983506, at *2 (S.D. Fla. Nov. 14, 2018). There too, Defendants submitted affidavits disclaiming their knowledge of the dangerous condition and any involvement in the accident. *See id.* Upon review, this Court determined that, "because Plaintiff has not submitted any evidence to the contrary, there is no question of fact to resolve." *Id.*; *see Scipione v. Advance Stores Co.*, 2012 WL 3105199, *4 (M.D. Fla. July 31, 2012) (denying plaintiff's motion to remand and noting same). The cases cited by Plaintiff do not indicate anything to the contrary.

## IV. <u>CONCLUSION</u>

As discussed above, the Court finds that Defendant Morgan Reinard has been fraudulently joined as a party in this case. Her presence, therefore, does not defeat diversity jurisdiction for purposes of removal. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand (DE [9]) is **DENIED.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 3rd day of January 2025.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF